IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOYD MACK BOYD,

        Plaintiff,

v.                                          CIV 10-0602 RB/KBM

HI COUNTRY CHEVROLET,
a New Mexico Corporation,
JEFF THOMAS, and DENNIS GONZALES,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Defendant Hi-Country Chevrolet's Motion to Compel *(Doc. 36)*.  Having carefully reviewed the parties' submissions and relevant authorities, I find the motion is well taken in part and will be granted in part.

### BACKGROUND

Defendant Hi-Country Chevrolet served its First Set of Interrogatories and Requests for Production to Plaintiff on October 29, 2010.  Plaintiff mailed his answers and responses on December 15, 2010.  Informal communications ensued between the parties and continued through January in an effort to clarify and resolve the issues raised by Plaintiff's objections.  The parties agreed to extend Defendant's deadline to file a motion to compel until January 14, 2011.

On January 10, 2011, Plaintiff sent a letter to Defendant in which he further responded to some of the interrogatories.  The letter was not a formal supplementation, however.  On January 12, 2011, Plaintiff provided Defendant with his formal supplemental responses which Defendant found to be incomplete.  Defendant once again contacted Plaintiff via email and fax and

indicated what it perceived to be continued deficiencies.  On February 2, 2011, Defendant filed its motion to compel.

In its motion to compel, Defendant requests that Plaintiff: (1) identify any statement from anyone with knowledge as to the allegation of discrimination and to produce any such statement; (2) formally supplement his discovery answers to include the citations and information contained in the letter of January 10, 2011; and (3) complete the tax authorization form which will allow Defendant to obtain Plaintiff's tax information.  In response, Plaintiff states that "by producing the EEOC file in this matter he has produced all statements he has from any person with knowledge of the circumstances in this case."  Plaintiff argues that he is not required to supplement his response to interrogatories that request information that was already received during depositions.  With regards to the request for a tax authorization, Plaintiff argues that he has already provided complete copies of his tax returns from 2004 to 2009 and any further request is cumulative and duplicative.  Lastly, Plaintiff argues that the motion to compel should be denied as untimely because he has stood by his objections to Interrogatory No. 10 since he made them on December 15, 2011, and therefore, Defendant's motion to compel was due by January 14, 2011 and not February 2, 2011.

ANALYSIS

Pursuant to D.N.M.LR-Civ. 26.6, a party served with objections to an interrogatory or request for production "must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days of service of an objection unless the response specifies that documents will be produced or inspection allowed.  In this case, the party must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days after production or inspection of the documents."

I appreciate counsel's continued efforts to resolve discovery disputes on their own

accord.  Because communications between the parties regarding Plaintiff's objections, which included Interrogatory No. 10 and Request for Production No. 9, were ongoing throughout January and Defendant did not receive formal supplementation until January 12, 2011, I find that Defendant was timely in filing his motion on February 2, 2011, twenty-one (21) days after he received Plaintiff's supplemental responses.

As stated in its reply, Defendant appears to be satisfied with Plaintiff's answer to Interrogatory No. 10 and Request for Production No. 9 which Plaintiff provides in his response to the motion to compel.  Defendant now merely asks that Plaintiff place this answer in the form of a formal supplementation.  I will require Plaintiff to do so.  I will also require Plaintiff to formally supplement his discovery answers to include the citations and information which he stated in his January 10, 2011 letter to defense counsel.  As for the tax authorization form, I will not require Plaintiff to sign one at this time.  It appears that Plaintiff has indeed provided Defendant with his tax returns from 2004 to 2009.  If Defendant feels that these tax returns are somehow lacking or incomplete, they may be submitted to me for an *in camera* review.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant Hi-Country's Motion to Compel *(Doc. 36)* is **granted in part**.

**IT IS FURTHER ORDERED AS FOLLOWS:**

(1) Plaintiff will formally supplement his answer to Interrogatory No. 10 and Request for Production No. 9 with the answer he provided in his response to the motion to compel; and

(2) Plaintiff will formally supplement his discovery answers to include the citations and information which he stated in his January 10, 2011 letter to defense counsel.

_____

UNITED STATES MAGISTRATE JUDGE