IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOYD MACK BOYD,

        Plaintiff,

v.                                              CIV 10-0602 RB/KBM

HI-COUNTRY CHEVROLET,
a New Mexico Corporation,
JEFF THOMAS, and DENNIS GONZALES,

        Defendants.

# MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Compel Defendants' response to his Requests for Production Nos. 12 and 13 *(Doc. 43)*. A telephonic status conference was held on February 17, 2011 at which time some of the issues were resolved. Having heard from the parties and carefully reviewed their submissions and the relevant authorities, I find that the motion is well taken in part and will be granted in part.

## BACKGROUND

Plaintiff filed his Motion to Compel on February 9, 2011. After filing his motion, a telephonic status conference was held and the parties notified the Court that Defendant Hi-Country had agreed to produce its financial records pursuant to a stipulated confidentiality agreement. The Stipulated Confidentiality Order *(Doc. 62)* was filed on March 9, 2011. Accordingly, Defendant Hi-Country will be providing Plaintiff with its financial records very soon, if it has not already done so. Thus, insofar as the motion requests that the Court order Defendant Hi-Country to produce its financial records, the motion is moot.

The remainder of the motion seeks an order from the Court compelling Defendant Jeff Thomas to produce his tax returns for a period of ten years prior to Mr. Boyd's termination through the present date. *See RFP No. 13, Doc. 43-1 at 13.* Plaintiff asserts that this information is relevant to the development of his punitive damages claim against Defendant Thomas and his liability analysis. In response, Defendant argues that Plaintiff has not demonstrated the relevancy or discoverability of Mr. Thomas's personal income tax returns. *See Doc. 53 at 4.*

## ANALYSIS

"Tax returns are not generally discoverable. It is only when the plaintiff's income is directly in issue. Otherwise there is a public policy against exposure." *Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974), *cert. denied*, 421 U.S. 914 (1975)).

> "Because there is a public policy against the unnecessary disclosure of income tax returns, several courts have adopted a two-prong test to aid them in the determination of the appropriate circumstances in which to order the production of tax returns. The test requires: 1) a finding that the returns are relevant to the subject matter of the action; and 2) there is a compelling need for the tax returns, because the information is not otherwise readily obtainable."

*Hawkins v. South Plains Intern. Trucks, Inc.*, 139 F.R.D. 679, 681-82 (D. Colo. Nov. 12, 1991) (citing *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y.1985); *Eastern Auto Distributors, Inc. v. Peugeot Motors of America, Inc.*, 96 F.R.D. 147 (E.D.Va.1982)).

Here, Plaintiff has put his own income at issue by claiming a loss thereof from alleged discrimination such that his personal income tax returns would be discoverable. The reverse, however, is not so. Defendants maintain that due to the recession, which severely impacted the auto industry, they decided to reorganize the company, modifying positions, salaries, and duties. *See Doc. 53* at 1. They also contend that Plaintiff's position was also terminated as a result of unethical actions by Plaintiff. *Id.* Nowhere have Defendants asserted that Defendant Thomas'

2

personal income had anything to do with the decision to terminate Plaintiff's position. However, Plaintiff correctly notes that Thomas' financial situation is relevant and reasonably calculated to lead to the discovery of admissible evidence on the issues of punitive damages.

Usually a "plaintiff need not establish a prima facie case on the issue of punitive damages before it can obtain pretrial discovery of defendant's financial statements and tax returns." *See Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990). I have previously found that a delay in discovery until a *prima facie* showing of entitlement to punitive damages was justified, however, when plaintiff and defendant are business competitors. *See Matrix System Automotive Finishes, Inc. v. Discount Body Shop Products, Inc, et al.*, CIV 06-0311 MCA/KBM, *Doc. 70* at 4. Such is not the case here.

As District Judge Browning has noted, "[t]o discover a party's financial condition in light of a claim for punitive damages, requesting parties generally must show the claim for punitive damages is not spurious." *Clement v. Mountain States Logistics*, 2006 U.S. Dist. LEXIS 95650 at *6 (internal quotations omitted). In the instant case, punitive damages against Defendant Thomas might be available if Plaintiff succeeds on a state law claim such as intentional infliction of emotional distress.

Because I cannot characterize the claim for punitive damages as spurious, and the information is otherwise not available, Plaintiff should be able to discover evidence of Defendant's financial condition. But the request for ten years of personal tax returns is overly broad, intrusive and irrelevant as to the issue of punitive damages. As Magistrate Judge Lorenzo F. Garcia has observed, "[e]vidence of past net worth bears no relevancy to a party's ability to satisfy a punitive damage claim. Indeed, only evidence of a defendant's present net worth is to be considered." *Aguilar v. Aramark Corporation, et al.*, CIV 97-1481 JC/LFG, *Doc. 46* at 9,

citing *Woods-Drake v. Lundy*, 667 F.2d 1198 (5th Cir. 1982).

Therefore, Defendant Thomas shall produce a copy of only his most recent tax return to Plaintiff. Further, the Court will restrict use of this information. It is to be used for purposes of this litigation only, may not be disseminated outside of this litigation, and at the conclusion of the litigation, the tax return provided is to be returned.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel *(Doc. 43)* is granted in part as described above. In all other respects, it is denied.

**IT IS FURTHER ORDERED** that the Clerk change the docket sheet to reflect a corrected spelling for defendant "Hi-Country Chevrolet."

_____
UNITED STATES MAGISTRATE JUDGE