IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOYD MACK BOYD,

    Plaintiff,

vs.                                                  CIV 10-0602 RB/KBM

HI-COUNTRY CHEVROLET, a New Mexico
Corporation;   JEFF THOMAS and DENNIS
GONZALES,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

THIS MATTER comes before the Court on Plaintiff's Motion to Compel (Doc. 45). The Court has reviewed the motion, the memoranda and exhibits submitted by the parties and the relevant authorities.

The Court **FINDS** that Plaintiff's Motion is well taken in part, and will be granted in part and denied in part.

### Background

Plaintiff, currently sixty-five years old, was employed by Hi-County Chevrolet in August 2002. He was terminated on March 18, 2008. He contends that his termination was the result of age discrimination.

Defendants contend that Plaintiff was terminated due to a reorganization prompted by an economic downturn and due to unethical actions on Boyd's part.

Review of the briefing submitted by the parties indicates the following is still in dispute: 1) General or boilerplate objections asserted by Defendants; 2) the adequacy of Defendants' privilege log; 3) Defendants' answers to Interrogatories 5 and 15; and 4) Defendants' Responses

to Requests for Production 3 and 14.

## General Objections

After interposing general objections to Interrogatories 4, 10, 11, 14, 15, 16, 17 and 18, and Requests for Production 2, 3, 5, 10, 11, 15, 16 and 17, Defendants provided some specific objections, answers or responses.  A litany of general objections such as over breadth, burdensomeness, and oppression do not constitute a successful objection to an interrogatory, nor will a general objection fulfill the objecting party's burden to explain its objections; rather the Court requires the objecting party to "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Design Basics, L.L.C., v. Strawn, 261 F.R.D. 513, 519 (D. Kan. 2010) (footnotes and citations omitted). The Court overrules all the general objections, but has considered those objections in the context of the more specific requests and objections.

## Privilege Log

A party seeking to invoke attorney-client privilege or work product immunity has the burden of proving that the items sought are not discoverable. Johnson v. Gmeinder, 191 F.R.D. 638, 642 (D. Kan. 2000) (citing Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984).  Not all communications between an attorney and client are privileged, only confidential communications requesting or giving legal advise. Fisher v. U.S., 425 U.S. 391, 403 (1976).  "For the work-product doctrine to apply, the asserting party must show that the materials were prepared in anticipation of litigation by or for a party or that party's representative. Anaya v. CBS Broadcasting, Inc., 251 F.R.D. 645, 654 (D.N.M. 2007) citing F.R.Civ.P. 26(b) (3).

The privilege log prepared by Defendants does not permit the Court or Plaintiff to assess the validity of the privileges claimed.  Defendants shall submit an amended privilege log which lists each document individually, identifies by name and position the sender/author and recipient of each document, states the date the document was prepared, and describes the document in a manner that will permit evaluation of whether the attorney-client privilege or the work product doctrine is applicable.

Interrogatories 17, 18 and Request for Production 14

Interrogatory 17 seeks a listing of all employees terminated or separated from Hi-County Chevrolet for 5 years prior to Plaintiff's termination to the present, stating for each the date of hire, date of separation, positions held, dates of positions held, compensation terms, age at separation and reasons for separation.  Interrogatory No. 18 sought the same listing and information for all  employees hired by Hi-Country Chevrolet in the five years prior to Plaintiff's termination to the present.  Request for Production 14 seeks production of the personnel files for all employees hired in the five years prior to Plaintiff's termination to the present.

Defendants produced summaries in response to Interrogatories 17 and 18 listing employees, date of birth, dates of hire and reason for termination, apparently for 2007 and 2008. After review of these summaries  Plaintiff reduced his production request to the personnel files of 24 non-party individuals. (Docket 65, Ex. A).  Plaintiff contends that review of these personnel records will provide information as to whether there was a reorganization at Hi-Country Chevrolet and whether terminated employees were replaced by younger employees.

I find that Plaintiff's current request to produce is not over broad or unduly burdensome, and that the information requested is reasonably calculated to lead to the discovery of admissible evidence.  The Court is concerned as to the privacy rights of the non-parties whose records are

3

being sought.  Personnel files are regarded as private and contain material which employees regard as confidential, and a court must be cautious in ordering their disclosure. Regan-Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir.2008).

The Tenth Circuit explained the caution which must be exercised in determining whether the personnel file of a non-party should be disclosed in discovery:

> [P]ersonnel files often contain sensitive personal information, ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.  Indeed, the Supreme Court has underscored that "the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery [to protect] 'a party or person from annoyance, embarrassment, [or] oppression . . . .' " Herbert v. Lando, 441 U.S. 153, 177, 99 S. Ct. 1635, 60 L.Ed.2d 115 (1979) (quoting Fed. R. Civ. P. 26(c)(1)); see also Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir.1994) (no abuse of discretion where "privacy interests, coupled with [the district court's] determination to keep the trial focused . . . justified limiting [plaintiff's discovery of] personnel files").

Id. at 648-649. However, the Circuit added, "[t]his is not to say personnel files are categorically out-of-bounds."  Regan-Touhy v. Walgreen Co., 526 F.3d at 649.

Not all of the information in the personnel files of the 24 non-parties is relevant to the matters at issue in this case.  Medical, medical insurance and marital information, social security numbers, addresses and telephone numbers clearly are not relevant.  Further, I have reviewed the Stipulated Confidentiality Order entered in this matter (Docket 62) and find that it does not address the privacy concerns inherent in the production of the personnel files of non-parties.

Accordingly, I hereby Order that Defendants produce the personnel records of the 24 non-party employees but redact all information relating to medical, medical insurance and marital information, social security numbers, addresses and telephone numbers.

<u>Interrogatories  5 and 15</u>

Interrogatory No. 5 asked Defendants to detail their version of the events described in the

Complaint, "why it happened, what caused it to happen, etc."  Plaintiff contends Defendants' answer is non-responsive, because although it sets forth Defendants' version of events, it does not identify with particularity individuals referred to in the interrogatory.  Interrogatory No. 15 asked Defendants to describe with particularity all instances of alleged dishonesty by Plaintiff during his employment at Hi-Country Chevrolet including the source of the information that Plaintiff had acted dishonestly, whether an investigation of the alleged dishonesty had occurred, the method and result of such investigation, identification of all documents or records relating to the allegation of dishonesty and the identification of all persons having or purporting to have any knowledge of the allegation.  Plaintiff contends that Defendants failed to state whether they had "investigated" the allegations.  I find that the Answer to Interrogatories 5 and 15 are adequate and that no further answer is required.

Request for Production 3

Request for Production 3 sought production of "every item of correspondence pertaining to the circumstances alleged in the Complaint."

Defendants objected to the Request of the grounds that its was over broad and not reasonably calculated to lead to the discovery of admissible evidence as it was unlimited in scope.  Defendants then responded to the request by supplying the privilege log, referring to materials produced by Plaintiff, and stating that because Defendants had suffered two major e-mail server problems in 2008 and 2010, they had lost electronically stored e-mails, and that they had been unable to locate other responsive documents.

In Reply, Plaintiff indicates that it is his belief that relevant information was lost because of a December 2008 policy to delete e-mails older than 7 days from Hi-Country's mail server, despite the fact that he advised Defendants in writing on August 28, 2008, to take all steps

necessary to preserve all records related to his employment.  Plaintiff then raises the specter of spoliation of evidence and asserts that Defendants have failed to disclose whether they have made any effort to recover the deleted information, or provide the hard drives or the location of the hard drives used to store electronic media, so that he could attempt to recover the lost information.  Plaintiff also argues that Defendants have not searched for electronic media referencing "reorganization."

The Court will not address the issue of spoliation at this time.  If that is raised in the future, the Court will require adequate briefing of the issue.

However, Defendants are hereby ordered to produce documents, electronic or otherwise, which relate to or mention "reorganization."  To the extent Defendants assert attorney-client privilege or attorney work product as to any such document, they shall provide sufficient information on their amended privilege log to permit evaluation of that claim.

The Court will not order production of the e-mail server hard drives at this time.  It does, however, order Defendants supplement the response to Request for Production 3 by identifying the location of the hard drives, and by detailing, through affidavit of a person with knowledge, what efforts have been made to recover information that has been lost.

**IT IS ORDERED, ADJUDGED AND DECREED** that Defendants shall have 14 days from the date of this Order to:

1) Submit an amended privilege log;

2) Produce redacted personnel files of the 24 non-party employees (Request for Production 14);

3) Produce documents relating to or mentioning "reorganization" (Request for Production 3), and

4)	File with the Court an affidavit of a person with knowledge detailing the efforts made to recover information from e-mail server hard drives (Request for Production 3).

_____
Karen B. Molzen
United States Chief Magistrate Judge