IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOYD MACK BOYD,

        Plaintiff,

v.                                                    CIV 10-602 RB/KBM

HI COUNTRY CHEVROLET,
a New Mexico corporation; JEFF
THOMAS; and DENNIS GONZALES,

        Defendants.

## ORDER ON PRESERVATION OF EVIDENCE MOTION

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Order Relating to Preservation of Evidence *(Doc. 113)*, filed June 2, 2011.  I find the Motion is unnecessary in light of the parties' existing discovery obligations under the Federal Rules of Civil Procedure, and I will therefore deny the Motion.

### I.  Background

After recognizing the number of discovery motions filed in this case, I scheduled a discovery conference for June 30, 2011, where the parties were given an opportunity to focus on the most important discovery issues and discuss these matters face-to-face.  I recommended that the parties continue such in-person discussions in the interest of resolving some of their disputes without the Court's

assistance. The present motion is an example of an issue that should have been resolved in this manner.

## II.  Legal Standard

Courts have the inherent power to order evidence preserved. *See Pueblo of Laguna v. United States*, 60 Fed.Cl. 133, 135 (Fed.Cl. 2004). But the duty to preserve material evidence exists independent of any such order. *See id.* ("To be sure, the case law imposes a duty to preserve material evidence not only during litigation but also during that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." (internal quotations and citations omitted)).

The party seeking a preservation order must "demonstrate that it is necessary and not unduly burdensome." *Id.* at 138. First, the movant "must show that absent a court order, there is significant risk that relevant evidence will be lost or destroyed—a burden often met by demonstrating that the opposing party has lost or destroyed evidence in the past or has inadequate retention procedures in place." *Id.* The proponent of a preservation order is also required to show that "the particular steps to be adopted will be effective but not overbroad." *Id.*

## III. Analysis

Plaintiff contends he has met the prerequisites for issuance of a preservation

order based on Defendants' previous destruction of its hard drive, which contained email communications and may have contained information relevant to this case, and the initiation of a policy by Defendants' computer systems manager for the destruction of all emails after seven (7) days.  While the Court agrees that it would have been more prudent, in light of Plaintiff's (at the time) impending claims, for the Defendants to have made different choices, it finds no reason at this point not to believe IT Administrator Lane Sullivan's explanation for these decisions.  *See Doc. 133* at 3 (quoting *Doc. 88*).  The Court also notes that while destruction of the hard drive occurred after Plaintiff filed his EEOC claim, the hard drive was destroyed prior to initiation of the present case.

Other cases in which preservation orders have been imposed involve far more egregious actions.  For instance, in *United Medical Supply Co., Inc. v. United States*, the defendant destroyed boxes of potentially relevant documents not only during the pendency of the case but also after a conference at which the parties sought to address existing document preservation problems and even well after the court issued an order requiring the defendant to account for all evidence.  *See* 73 Fed.Cl. 35, 36 (Fed.Cl. 2006).

In short, I agree with United States Magistrate Judge Michael E. Hegarty of the Federal District of Colorado, who recently denied a similar motion, noting that

3

"[t]he federal courts are not equipped to micro-manage the discovery conduct of litigants." *Rueb v. Zavaras*, No. 09-cv-02817-REB-MEH, 2011 WL 3035290 at *3 (D.Colo. June 16, 2011). As Judge Hegarty noted, "recourse exists for improper litigation conduct." *Id.* From the conferences and hearings held on discovery issues in this matter, Defendants are well aware of the information Plaintiff has sought to have Defendant take steps to remain intact pursuant to their discovery obligations.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Order Relating to Preservation of Evidence *(Doc. 113)* is DENIED.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE