IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LOYD MACK BOYD,**

      **Plaintiff,**

vs.                                                             No. 1:10-CV-00602 RB/KBM

**HI COUNTRY CHEVROLET, a New Mexico corporation; JEFF THOMAS and DENNIS GONZALES,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Plaintiff's Motion for Leave to Amend Complaint (Doc. 185), filed August 12, 2011. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. The Court having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, grants Plaintiff's motion subject to the condition that Plaintiff revise his proposed amended complaint to omit Defendants Lane Sullivan and JT Investments from Count VII, *Prima Facie* Tort, in accordance with the representations made in Plaintiff's Reply brief. The Court further orders the parties to contact Chief Magistrate Judge Molzen to inform her of their need to reopen discovery for a period of approximately 30 days on the discrete issue whether newly added Defendants JT Investments and Lane Sullivan engaged in spoilation of evidence.

**I.    Background**

This action arises from Defendant Hi Country Chevrolet's termination of former employee, Loyd Mack Boyd, who claims he was fired as a result of unlawful age

discrimination.[1]  (Compl. ¶ 25.)  Defendant Hi Country Chevrolet ("Hi Country") is an automobile dealership located in Farmington, New Mexico and incorporated in the State of New Mexico.  (Compl. ¶ 4.)  Defendant Jeff Thomas is the owner and president of Hi Country.  (Compl. ¶ 23.)  Defendant Dennis Gonzales is the Hi Country employee who directly terminated Boyd's employment.  (Compl. ¶ 21.)

Proposed Defendant Lane Sullivan is alleged to have been employed as the IT Manager/Administrator of both Defendant Hi Country Chevrolet and proposed Defendant JT Investments at all times relevant to the events detailed in Plaintiff's proposed First Amended Complaint.  (Proposed First Amended Compl. ¶ 80, Exh. A to Plaintiff's Mot. for Leave to Amend Complaint, Doc. 185-1.)  Defendant JT Investments is alleged to be a corporation incorporated in the state of New Mexico, and is charged with owning and/or exercising control over the computer systems and networks used by Hi Country and its agents and employees in the course of Hi Country business. (*Id.* at ¶¶ 9, 79.)

Mr. Boyd began his employment with Hi Country in August of 2002.  (Compl. ¶ 15.)  On March 18, 2008, Defendant Dennis Gonzales called a meeting with Boyd and Boyd's supervisor, Vicki Granito, in which he terminated Boyd's employment with Hi Country.  (Compl. ¶¶ 16-17) (*see also* Deposition of Vivian "Vicki" L. Granito, Exh. "B" to Def. Motion for Partial Summary Judgment, at 93).  Defendants' Employee Separation Report, completed the day of Boyd's termination, cites the reason for this "separation" as "reorganization of [the] company."  (Exh. "A" to Def. Motion for Partial Summary Judgment, Doc. 144-1.)

Boyd asserts that when he asked Gonzales the "real reason" he was being fired, Gonzales

---

[1] Mr. Boyd is currently 65 years old.  (Notice of Factual Background at 1, Doc. 175.)

replied that the company wished to hire "younger blood."  (Notice of Factual Background at 1, Doc. 175) (*see also* Compl. ¶ 21).  Boyd further contends that the day following his termination, Defendants replaced him with a less-qualified individual under 40 years of age.  (Compl. ¶¶ 19-20, 26.)  He alleges that several other dealership employees who were over the age of 40 were similarly fired and replaced by younger workers.  (Compl. ¶ 22.)  According to Plaintiff, "each of the five employees the Defendants have stated they terminated due to 'reorganization' is in the age group protected by the Age Discrimination in Employment Act."  (Notice of Factual Background at 2, Doc. 175).

Following an investigation by the Equal Employment Opportunity Commission ("EEOC") into Boyd's firing, the EEOC issued a finding of reasonable cause to support a claim against Defendant Hi Country for discrimination under the federal Age Discrimination in Employment Act.  (Compl. ¶ 12.)  The EEOC issued a Right to Sue Notice dated March 24, 2010.  (Compl. ¶ 13.)  The New Mexico Department of Workforce Solutions issued an Order of Non-determination dated April 1, 2010.  (Compl. ¶ 13.)  Mr. Boyd subsequently brought the instant case in this Court.  (Notice of Factual Background at 2, Doc. 175.)

Plaintiff alleges that in the course of discovery, it came to light that while the EEOC investigation was ongoing, Defendants adopted a policy of deleting all email correspondence older than seven days.  (Mot. for Leave to Amend, Doc. 185, at 2.)  He argues that this policy "unquestionably resulted in the deletion of evidence responsive to Mr. Boyd's request for communications."  *Id.*  Plaintiff claims that he then attempted to access the hard drive upon which deleted emails may have been preserved, but Defendants were unwilling to identify the location of this hard drive.  *Id.*  He states that upon Court order, the Defendants revealed that

they had destroyed the company hard drive containing the allegedly relevant communications. *Id.* Plaintiff further claims that Defendants did not have a litigation hold procedure of any kind, despite the fact that this is not the first litigation experience for the Defendants. *Id.* at 3.

In response, Defendants charge that Plaintiff's version of the facts is rife with inaccuracies which Defendants have already corrected in prior motions. (Def. Response to Plaintiff's Mot. for Leave to Amend Complaint, Doc. 186, at 2.) They state that in December of 2008, Hi Country experienced a massive influx of data which would have crippled the email server but for IT Administrator Lane Sullivan's decision to establish a temporary policy of deleting older emails in order to free up space. *Id.* (citing *Affidavit of Lane Sullivan*, Doc. 88.) They contend that Mr. Sullivan implemented this policy without notice to either Defendant Thomas or Gonzales. *Id.* Had Mr. Sullivan not established this policy, they argue, there would have been even greater loss of information. *Id.* Later, in April 2010, Defendants state that the hard drive on the email server crashed, causing a system-wide and total loss of email. *Id.* Because of the physical severity of the hardware failure, it was unlikely that any useable data could be recovered. *Id.* "As such, Mr. Sullivan balanced the value of the data, the likelihood of successful recovery of usable data, and the cost of attempting recovery, ultimately deciding to dispose of the old hard drive and replace it with a new hard drive." *Id.* Mr. Sullivan performed this task without the knowledge of any currently named defendants. *Id.* at 3. Both of these incidents occurred prior to the filing of Plaintiff's Complaint on June 22, 2010.

Plaintiff filed his Motion for Leave to Amend Complaint on August 12, 2011 (Doc. 185), alleging that Defendants' actions amounted to spoilation of evidence under New Mexico law. He seeks to add an additional count for Spoilation of Evidence and to add two new defendants,

Lane Sullivan and JT Investments. He also moves to more thoroughly state his claims to reflect additional information learned during the course of discovery. Defendants responded on August 22, 2011 (Doc. 186), arguing that Plaintiff's motion is extremely untimely and would cause severe prejudice to Defendants and to the new parties who have had no time to prepare for the upcoming trial. Defendants additionally charge that amending the Complaint would be futile. Plaintiff filed his Reply in Support of his Motion for Leave to Amend Complaint on September 22, 2011 (Doc. 191), arguing that his motion is timely, that it will not cause Defendants undue prejudice, and that the amendment is not futile because it successfully states a claim for relief.

**II.   Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires." FED. R. CIV. PROC. 15(a)(2). The decision whether to grant leave to amend rests "within the sound discretion of the district court." 216 F.3d 1087, 2000 WL 825721 *4 (C.A. 10 (Utah)). Because the purpose of Rule 15 is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties," courts generally only deny leave to amend upon a showing of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Forman v. Davis*, 371 U.S. 178, 182 (196); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

**III.   Discussion**

Defendants assert three grounds for denial of leave to amend: (1) undue delay, (2) undue

prejudice, and (3) futility of amendment.² The Court will discuss each in turn.

    A.    *Undue Delay*

Defendants first argue that the Court should deny Plaintiff's motion to amend based on untimeliness without adequate justification. Plaintiff filed his motion on August 12, 2011 – approximately ten months after the deadline to amend the pleadings, two weeks past the closing of the discovery period, and roughly five months before trial. The Court finds that although Plaintiff would have been better served to file his motion at an earlier date, his delay was not "undue" in light of Defendants' relatively late disclosure of the alleged spoilation and Plaintiff's subsequent need to conduct discovery on that issue.

"Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action." *Minter*, 451 F.3d at 1205. In evaluating timeliness under Rule 15(a), Tenth Circuit courts "focus primarily on the reasons [behind] the delay," and may find that denial of leave to amend is justified where the movant provides no adequate explanation for his untimeliness. *Id.* at 1206. Courts have specifically denied leave to amend where the movant "was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987);

---

²Defendants also briefly argue that Plaintiff has not demonstrated good cause to amend as required by Federal Rule of Civil Procedure 16(b)(4), which provides that scheduling orders may be modified only for good cause and with the judge's consent. FED. R. CIV. PROC. 16(b)(4). However, the Tenth Circuit has not decided whether parties seeking to amend pleadings after the passing of a scheduling order deadline must, in addition to meeting the Rule 15(a) requirements, also show "good cause" for the proposed amendment under Rule 16. *See Minter*, 451 F.3d at 1205 n.4. Given the Tenth Circuit's characterization of Rule 16's "good cause" standard as "rough[ly] similar[]" to the undue delay analysis under Rule 15, *id.*, the Court finds that application of Rule 16's "good cause" requirement would not alter the outcome of the analysis in this case and therefore will limit its consideration to Rule 15.

*see also Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.") Courts will properly deny a plaintiff's motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a "moving target," to "salvage a lost case by untimely suggestion of new theories of recovery," to "present theories seriatim in an effort to avoid dismissal," or to "knowingly delay raising an issue until the eve of trial." *Minter*, 451 F.3d at 1206 (citing *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998), *Hayes v. Whitman,* 264 F.3d 1017, 1027 (10th Cir. 2001), *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994), and *Walters v. Monarch Life Ins. Co.,* 57 F.3d 899, 903 (10th Cir. 1995), respectively).

In the instant case, Plaintiff contends that his proposed additional claim and parties only came to light through information gleaned from discovery, and that he brought his motion to amend as soon as he was confident that the elements of spoilation could be established. Plaintiff became aware of Hi Country's email policy in February of 2011. Rather than filing a motion to amend at that time, Plaintiff instead requested access to a hard drive where relevant emails may have been preserved. In April of 2011, Defendants disclosed that this hard drive had crashed approximately one year before, and that it had been destroyed upon Lane Sullivan's determination that data recovery was unlikely. Between this disclosure and the filing of his motion to amend in August of 2011, Plaintiff contends that he conducted further depositions in order to ascertain that the data was permanently destroyed and that there were sufficient facts to state a claim for spoilation. *See* Plaintiff Reply, Doc. 191, at 8 (citing (a) Plaintiff's June 29,

2011 deposition of Lane Sullivan; and (b) an undated deposition of Defendant Dennis Gonzales, where Gonzales allegedly disclosed he had disposed of a cellular phone subject to pending discovery requests without retaining potential evidence on the phone). Plaintiff argues that this investigation was necessary to assure him that a spoilation claim was both warranted and supportable.

Although four months seems a lengthy period of time for Plaintiff to have filed his proposed amendment, the Court cannot conclude Plaintiff's delay was "undue" given (1) his contention that this discovery revealed facts allowing him to establish a claim for spoilation; and (2) Rule 15's purpose of providing litigants the maximum opportunity for each claim to be decided on its merits. *See Minter*, 451 F.3d at 1204. Defendants do not argue that Plaintiff could have based his amendment on facts known to him prior to these depositions. There is no indication that Plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial. *Minter*, 451 F.3d at 1206. Under these circumstances, the Court is unable to find that Plaintiff's Motion to Amend is so untimely and dilatory that denial of Plaintiff's motion is justified on the grounds of undue delay.

    B.    *Undue Prejudice*

Defendants next assert that Plaintiff's motion should be denied because allowance of the amended complaint at this point would severely prejudice their ability to defend themselves at trial. Given Defendants' concerns, the Court order the parties to contact Chief Magistrate Judge Molzen immediately to inform her of their need to reopen discovery for a period of approximately 30 days on the discrete issue whether newly added Defendants JT Investments

and Lane Sullivan engaged in spoilation of evidence.  Although this case is currently set for trial on January 9, 2012, should Defendants determine they cannot be prepared for trial by this date because of the Court's ruling, Defendants may file a motion to continue the trial date.  Given this approach, there should be no undue prejudice resulting from Plaintiff's amendment.

"The . . . most important[] factor in deciding a motion to amend the pleadings[] is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207.  Courts will generally find prejudice only where "the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.' " *Id.* (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).  This most often occurs when the amended claim "arise[s] out of a subject matter different from what was set forth in the complaint and raise[s] significant new factual issues." *Id.*

The Court recognizes that Defendants have invested significant time and resources in preparing their case thus far.  However, "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice." *Bylin v. Billings*, 569 F.3d 1224, 1230 (10th Cir. 2009); *see also Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 526 (8th Cir. 2000) (an "adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.")

Although Plaintiff's proposed amendment does present factual issues stemming from different conduct than that contained in the original complaint, Defendants have been on notice of a possible spoilation claim since February of 2011 and have addressed Plaintiff's accusations regarding the destruction of evidence at multiple points throughout the discovery period.  *See, e.g,*, Feb. 28, 2011 Letter to Def. Counsel, Exh. E to Plaintiff's Reply to Def. Response to

9

Motion Compel (Doc. 65-1) at 2 ("If, as it appears, your clients have failed to preserve relevant information despite being on notice of Mr. Boyd's claims, Mr. Boyd will find it necessary to pursue all remedies available to him for spoilation of evidence."); Def. Response to Plaintiff's Motion to Compel Discovery Responses, filed May 5, 2011 (Doc. 101) at 2 ("Since this disclosure . . . Plaintiff has indicated bad faith and sought to turn this into a miniature trial on spoliation . . . ."); Def. Response to Plaintiff's Motion for Entry of Order Relating to Preservation of Evidence, filed June 20, 2011 (Doc. 133) at 12 ("Defendants have had to spend more time correcting and clarifying Plaintiff's allegations as to the 'destruction' of 'evidence' than any other matter in this suit."). The Tenth Circuit has found that the possibility of undue prejudice is lessened when the non-movant has "received adequate notice . . . and had ample opportunity to respond." *Bylin*, 569 F.3d at 1230; *see also Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party.") Given Defendants' notice of the potential spoilation claim and the fact that they will have ample opportunity to respond after conducting further discovery on the issue, Defendants will not be unduly prejudiced by permitting amendment of the complaint.

    The Court further observes that in Defendants' recent Motion for Partial Summary Judgment, they made a very similar argument to the one they are now advocating against. There, eleven months after the filing of their Answer and roughly nine months after the initial disclosures deadline in the case, Defendants produced a Mutual Release signed by both parties which they contended foreclosed Plaintiff's state law claims. Defendants had not pled this affirmative defense in their Answer as required by FED. R. CIV. P. 8(c), nor had they disclosed

the Release in their initial disclosures pursuant to FED. R. CIV. P. 26(e) or 37(c)(1). Defendants argued that despite Plaintiff's claims of severe prejudice, Plaintiff would not be harmed by the late introduction of the Release because he had been on notice for at least six months of the likelihood that Defendants would raise this defense. *See* Def. Reply to Plaintiff Response to Def. Mot. for Partial Summary Judgment, filed Aug. 8, 2011 (Doc. 180) at 2 ("Defendants' disclosure was harmless. . . . Plaintiff has been very well-aware of the existence of this release."); *see also Id.* at 4 ("Defendants presented the [Release] to Plaintiff multiple times and questioned Plaintiff about it during his deposition, [therefore] Plaintiff has been very well-aware of the likelihood of this affirmative defense, and Rule 8(c) does not preclude its enforcement.")  The Court agreed with Defendants on that issue, finding that "Boyd was not prejudiced by Defendants' late assertion of the Release as an affirmative defense because he was on notice of the Release's existence as early as December of 2010." (Memorandum Opinion and Order, filed Oct. 18, 2011 (Doc. 197) at 16.)  Similarly, Defendants have been on notice of a possible spoilation claim since February of 2011, and have addressed the issue of destruction of evidence at multiple points throughout the remainder of the discovery period.  Thus, prejudice to existing Defendants is limited.

Finally, prejudice to the two new Defendants is circumscribed by the fact that they are only named with the respect to the spoilation of evidence claim.[3]  Allowing Plaintiff's

---

[3]Plaintiff's Reply states: "Regarding the two proposed additional defendants, Lane Sullivan and JT Investments, the amended complaint only names them with respect to the spoilation of evidence claim. Their indirect involvement with the underlying claims presents no substantial prejudice because the amended complaint does not require their participation with respect to those claims." Reply, Doc. 191 at 11. Upon examining Plaintiff's proposed amended complaint, however, the Court notes that although Plaintiff was generally cognizant to omit the new defendants from each of Plaintiff's original claims, he neglected to make this adjustment in

11

amendment and trying these claims together serves both Rule 15's liberal policy of providing litigants maximum opportunity to decide claims on their merits, as well as the interests of judicial economy. In light of these considerations and because Defendants will be able to conduct additional discovery within the parameters indicated above, the Court finds that they will not be unduly prejudiced by permitting amendment of Plaintiff's complaint.

C. *Futility*

Finally, Defendants argue that the Court should deny Plaintiff's motion because the proposed amendment would not survive summary judgment and is therefore futile. Plaintiff responds that the appropriate standard for the Court to apply in assessing the proposed amendment's futility is the Rule 12(b)(6) motion to dismiss standard, not summary judgment, and that Plaintiff's proposed First Amended Complaint successfully states a claim for spoilation under New Mexico law. The Court agrees with Plaintiff.

"A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ." *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997). Given the Court's ruling

---

his Count VII for *Prima Facie* Tort. This count currently remains against "all defendants." In addition, Plaintiff added language to this count charging defendants with "wrongfully destroying information reasonably anticipated to be matters of evidence in this case which proximately resulted in the damages to Boyd as described in this Complaint." (Proposed Amended Compl. ¶ 65, Exh. A to Plaintiff's Mot. for Leave to Amend Complaint (Doc. 185-1)). Given the addition of this language, Plaintiff's inclusion of the new defendants in Count VII may have been intentional despite his claim that "the amended complaint *only* names them with respect to the spoilation of evidence claim." Reply, Doc. 191 at 11 (emphasis added). Whether or not Plaintiff meant to name Sullivan and JT Investments in Count VII, Plaintiff should note that he will be held to the statement in his Reply and will be permitted to name Sullivan and JT Investments *only* as defendants to his proposed Count X for Spoilation of Evidence. The Court cautions Plaintiff to take greater care to avoid conflicting statements in the future.

12

that the parties may conduct further discovery on the viability of Plaintiff's claim, it would be premature to evaluate the futility of amendment based on a summary judgment standard. At this stage, the appropriate analysis is whether Plaintiff's amended complaint states a claim upon which relief can be granted.

New Mexico law dictates that in order to establish a claim for spoliation,

> [A] plaintiff must allege and prove the following: (1) the existence of a potential lawsuit; (2) the defendant's knowledge of the potential lawsuit; (3) the destruction, mutilation, or significant alteration of potential evidence; (4) intent on part of the defendant to disrupt or defeat the lawsuit; (5) a causal relationship between the act of spoliation and the inability to prove the lawsuit; and (6) damages.

*Coleman v. Eddy Potash, Inc*.120 N.M. 645, 649, 905 P.2d 185, 189 (N.M. 1995).

In evaluating a complaint under Rule 12(b)(6), courts must find that the claim at issue "contain[s] enough allegations of fact 'to state a claim to relief that is plausible on its face.' " *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S.--, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Upon reviewing the proposed amended complaint, the Court finds that Boyd's new cause of action alleges facts in support of each element of spoliation sufficient to state a claim that is plausible on its face. While the Court agrees with Defendants that Plaintiff's proposed claim may not survive summary judgment, it cannot conclude at this point that Plaintiff's claim for spoliation is futile when analyzed under Rule 12(b)(6), particularly in light of the Court's obligation to accept all well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *David v. City and Cnty. of Denver*, 101 F.3d 1344, 1352

(10th Cir. 1996); *Ellis ex rel. Estate of Ellis v. Ogden City*, 589 F.3d 1099 (10th Cir. 2009).

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint is GRANTED SUBJECT TO Plaintiff's revision of the proposed amended complaint to reflect his representation that Lane Sullivan and IT Investments are defendants only to Count X, Spoilation of Evidence. Plaintiff may file his First Amended Complaint in conformity with this instruction.

**IT IS FURTHER ORDERED** that the parties contact Chief Magistrate Judge Molzen to inform her of their need to reopen discovery for a period of approximately 30 days on the discrete issue whether newly added Defendants JT Investments and Lane Sullivan engaged in spoilation of evidence.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**