IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOYD MACK BOYD,

      Plaintiff,

vs.                                              No. 1:10-CV-00602 RB/KBM

HI COUNTRY CHEVROLET, a New Mexico
corporation; JEFF THOMAS, DENNIS
GONZALES, LANE SULLIVAN, and JT
INVESTMENTS, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Loyd Mack Boyd's Motion in Limine Concerning Defendants' Attempts to Procure Release, filed November 8, 2011. (Doc. 210). The Court having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, **DENIES** Plaintiff's motion.

**I.    Background**

This action arises from Defendant Hi Country Chevrolet's termination of former employee, Loyd Mack Boyd, who claims he was fired as a result of unlawful age discrimination. (First Am. Compl. ¶ 27.) Defendant Hi Country Chevrolet ("Hi Country") is an automobile dealership located in Farmington, New Mexico and incorporated in the State of New Mexico. (First Am. Compl. ¶ 4.) Defendant Jeff Thomas is the owner and president of Hi Country. (First Am. Compl. ¶ 25.) Defendant Dennis Gonzales is the Hi Country employee who directly terminated Boyd's employment. (First Am. Compl. ¶ 23.) Defendant Lane Sullivan is alleged to have been employed as the IT Manager/Administrator of both Defendant Hi Country Chevrolet and Defendant JT Investments at all times relevant to the events detailed in Plaintiff's First

Amended Complaint.  (First Am. Compl. ¶ 80.)  Defendant JT Investments is alleged to be a corporation incorporated in the state of New Mexico, and is charged with owning and/or exercising control over the computer systems and networks used by Hi Country and its agents and employees in the course of Hi Country business. (First Am. Compl. ¶¶ 9, 79.)

Approximately one year into the course of the litigation, Defendants Hi Country, Jeff Thomas, and Dennis Gonzales filed a Motion for Partial Summary Judgment as to Release of Claims (Doc. 144), arguing that the Court should grant summary judgment to Defendants on Plaintiff's state law claims based on a "Mutual Release and Separation Agreement" ("the Release") which Plaintiff signed at the time of his termination.  This Release purported to be a voluntary agreement releasing both parties from any and all claims, known or unknown, which could have arisen out of Boyd's employment with and/or separation from Hi Country through the date the Release was signed. (Doc. 144 at Exh. C).  Viewing the record and making all reasonable inferences in the light most favorable to the non-moving party, *Muñoz v. St. Mary Kirwan Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000), the Court denied Defendants' motion on the ground that Defendants' procurement of Plaintiff's Release violated New Mexico law regarding the unconditional payment of wages conceded to be due.  (Doc. 197 at 1).

Plaintiff now moves in limine for (1) an order permitting him to introduce evidence of Defendants Hi Country, Jeff Thomas, and Dennis Gonzalez's attempt to procure the Release, (2) a Court determination that Defendants' conduct in attempting to procure the Release violated 1978 NMSA § 50-4-1, constituting a criminal misdemeanor, and (3) an order prohibiting Defendants from introducing evidence of the substance of the terms of the Release, as well as Boyd's signature on the Release, and from asserting any defense that Boyd released any claims. (Doc. 210 at 1-2).

**II.     Discussion**

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. FED. R. EVID. 401. All relevant evidence is admissible except as otherwise provided by applicable law. FED. R. EVID. 402. However, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needless presentation of cumulative evidence. FED. R. EVID. 403.

Boyd contends he should be allowed to present Defendants' conduct surrounding the Release as evidence of Defendants' discriminatory motive in terminating his employment and that the termination "was handled in a malicious, willful, reckless, wanton, fraudulent manner and in bad faith." (Doc. 210 at 2). He asserts that Defendants' conduct in procuring the Release is relevant to Defendants' intent, which is in turn relevant to Defendants' potential liability for punitive damages to Boyd for his state law claims. Boyd intends to seek punitive damages for each claim for which punitive damages are available. (Doc. 210 at 3).

The Court finds that any determination of the admissibility of Defendants' conduct surrounding the Release at this point in the action would be premature. No trial date is currently set in this matter, nor have the parties submitted a proposed scheduling order including a new deadline for dispositive motions. The Court cannot determine the conduct's relevance or engage in Rule 403 balancing because it remains indeterminate which issues will proceed to trial, including whether any claims forming the basis for punitive damages will ultimately move forward. The Court therefore denies Plaintiff's request for an order permitting him to introduce evidence of Defendants' attempt to procure the Release, as well as Plaintiff's request for an order

prohibiting Defendants from using the Release the ways outlined above.

The Court further denies Plaintiff's request for a determination that Defendants' conduct in attempting to procure the Release violated 1978 NMSA § 50-4-1, constituting a criminal misdemeanor. The effect of this Court's Memorandum Opinion and Order denying Defendant's motion for partial summary judgment (Doc. 197) is limited to its determination that the Release did not act as a bar to Plaintiff's state law claims at the summary judgment level. In making this determination, the Court viewed the record and made all reasonable inferences in the light most favorable to the non-movant, Loyd Mack Boyd. (*See* Doc. 197 at 9). Such inferences would not form an appropriate basis for a general determination that Defendants' conduct violated New Mexico law.

**WHEREFORE, IT IS ORDERED THAT** Plaintiff's Motion in Limine Concerning Defendants' Attempts to Procure Release (Doc. 210), is **DENIED.**

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**