IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOYD MACK BOYD,

    Plaintiff,

v.                                                                     CIV 10-0602 RB/KBM

HI COUNTRY CHEVROLET, a New Mexico
corporation; JEFF THOMAS and DENNIS
GONZALES, LANE SULLIVAN and JT
INVESTMENTS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

THIS MATTER comes before the Court on the Motion for Protective Order (Doc. 215) and Notice of Non-Appearance filed jointly by Defendants Hi-Country Chevrolet, Jeff Thomas, and Dennis Gonzales (collectively, "Defendants"). After reviewing the voluminous briefing and exhibits, as well as the relevant authorities, I find the Motion is well-taken and will be granted, subject to potential reconsideration in the event Plaintiff makes the required showing as set forth below.

In short, I fail to understand Plaintiff's insistence upon a deposition pursuant to Rule 1-30(b)(6). I have reviewed Plaintiff's amended notice of deposition, attached to Defendants' Motion as Exhibit M (Doc. 215-2 at 10-12), listing eighteen (18) areas of inquiry for the proposed deposition. Yet this is a relatively simple case involving the termination of a single employee. It is not the type of litigation that should engender a 30(b)(6) deposition involving eighteen (18) separate expansive and overly broad areas of inquiry—particularly where it appears

that testimony has already been provided on these topics, in most cases by multiple witnesses. *See* Doc. 215-2 at 13-16.  Not only this, but Defendants have further agreed to designate the on-topic testimony of Jeff Thomas, Dennis Gonzales, Lane Sullivan, and Vicky Granito as Hi-Country Chevrolet's corporate testimony.  *See id.* at 16.  Because Defendants are willing to have Hi-Country Chevrolet be bound by the existing testimony, I am at a loss to see how a Rule 30(b)(6) deposition would be worthwhile.  Recognizing, however, that I am not familiar with the specific testimony of the relevant witnesses, I will grant Defendants' motion but allow Plaintiff to seek reconsideration upon the showing set forth below.

Wherefore,

IT IS ORDERED that Defendants' Motion for Protective Order and Notice of Non-Appearance Regarding Amended Notice of Rule 30(b)(6) Deposition of Hi-Country Chevrolet (Doc. 215) is **granted**.  Plaintiff may seek reconsideration of this Order upon a showing that: (1) there are specific areas of inquiry for which corporate testimony is required; and (2) there is not existing on point testimony from corporate witnesses Jeff Thomas, Dennis Gonzales, Lane Sullivan, or Vicky Granito.

IT IS FURTHER ORDERED that Plaintiff must, before seeking reconsideration of this Order, confirm the absence of corporate testimony with counsel for Defendants Hi-Country Chevrolet, Jeff Thomas, and Dennis Gonzales.  Written communication between the parties on this subject must be attached to any forthcoming motion for reconsideration.

_____
CHIEF UNITED STATES MAGISTRATE JUDGE