IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOYD MACK BOYD,

    Plaintiff,

v.                                                                CIV 10-0602 RB/KBM

HI COUNTRY CHEVROLET, a New Mexico
Corporation; JEFF THOMAS and DENNIS
GONZALES, LANE SULLIVAN and JT
INVESTMENTS, INC.,

    Defendants.

## ORDER ON PLAINTIFF'S SECOND MOTION FOR COMPLIANCE WITH DISCOVERY ORDER *(Doc. 279)*

THIS MATTER comes before the Court on Plaintiff's Second Motion for Compliance with Discovery Order *(Doc. 279)*. Having reviewed the parties' submissions and relevant authorities, I find the Motion *(Doc. 279)* is well-taken and should be granted.

**A.**     **Disciplinary Records**

After a significant period of dispute over many discovery issues, the parties reached a formal agreement on September 26, 2011, wherein Defendants Hi Country Chevrolet, Jeff Thomas, and Dennis Gonzales (collectively, "the Hi Country Defendants") agreed:

> to search the PCs, lap tops, Blackberries, cell phones or other mobile electronic devices, workstations, servers and removable storage devices that might contain or previously contained any records, documents, or communications pertaining to the subject matter of the case, then to identify, and produce (unless privileged, in which case such information will be described in an appropriate privilege log), any record, document or communication located pertaining to . . .

> a. Records, documents or communications to or from any person, including but not limited to: Jeff Thomas, Dennis Gonzales, Vicki Granito, Khrysta Woody, and any employees working in the finance department for two years prior to and up to the termination of Plaintiff:
>
> ...
>
> vi. relating to or mentioning allegations of financial dishonesty related to the work duties and/or work environment of any employees.

*Doc. 199* at 2-3. Such documents were to be produced within thirty days, or by November 26, 2011. *See id.* at 4.

Some four months later, it appears that the Hi Country Defendants still have not produced complete records. They have produced, for instance, only one page of a disciplinary report regarding Ms. Woody. The Hi Country Defendants contend that "despite extensive searching," a complete copy of Khrysta Woody's disciplinary write-up cannot be found. *See Doc. 250-6* at 8. As Plaintiff points out, however, the Hi Country Defendants offer no details of their search. *See Doc. 290* at 5.

Absent details of Defendants' search efforts, I cannot determine whether Defendants have satisfied their obligations under their Discovery Agreements (*Doc. 199*), my prior discovery orders, or the Federal Rules of Civil Procedure. I will therefore order the Hi Country Defendants to provide a detailed account of their search efforts in writing, no later than March 2, 2012.

**B.     The Dealership Agreement**

Like the disciplinary documents, Hi Country Chevrolet's dealership agreement with GM was to be produced no later than January 6, 2012. *See Doc. 256* at 7. The Hi Country Defendants indicate they do not have a copy of their Agreement but have contacted GM to request a copy, which they will provide to Plaintiff upon receipt. *See Doc. 284* at 3; *Doc. 284-1*

at ¶¶ 8-10.

Defendants generally have a duty to produce requested records that are within their possession, custody, or control. *See* FED. R. CIV. P. 34(a)(1). The requesting party has the burden to show that the opposing party has the requisite control. *See, e.g., Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 516 (D. Kan. 2007). "[C]ontrol comprehends not only possession but also the right, authority, or ability to obtain the documents." *Super Film of America, Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 653 (D. Kan. 2004). Thus, where a third party has actual possession of the documents, lower courts should "closely examine the actual relationship between the two corporations." *See id.* at 517 (quoting *Societe Internationale v. Rogers*, 357 U.S. 197, 204 (1958)). Other factors to consider include: (1) the use or purpose of the materials; (2) whether materials were acquired or maintained with the party's assets; (3) whether the party determined the material's use, location, possession, or access; (4) who has actual use or access to the materials; (5) whether the materials serve the party's interest; and (6) any formal or informal evidence of transfer or ownership or title. *See id.* at 518.

Given the facts of this case, including the obvious benefit of the dealership agreement to the Hi Country Defendants, I have no trouble concluding that the Dealership Agreement at issue is within the Hi Country Defendants' control. However, more information is needed in order to determine whether the Defendants have sufficiently complied with my previous orders as well as the Federal Rules of Civil Procedure. Consequently, the Hi Country Defendants must produce a written account of their efforts to obtain the Dealership Agreement.

Wherefore,

IT IS ORDERED that Plaintiff's Second Motion for Compliance with Discovery Order (*Doc. 279*) is granted. The Hi Country Defendants must provide, no later than Friday, March 2, 2012:

(1) a detailed account of their search for disciplinary documents, including the page missing from Khrysta Woody's disciplinary report. The report shall include a description of all search efforts, all locations searched, the date(s) of any searches, and the names and titles of individuals who participated in any searches. In addition, Defendants shall identify all individuals with access to the areas searched and provide any information as to the destruction of responsive documents and information, including who ordered and/or participated in any destruction, why, and when; and

(2) a detailed account of their efforts to locate and obtain the Dealership Agreement at issue, including a description of all search efforts, all locations searched, the date(s) of any searches, and the names and titles of individuals who participated in any searches. Such account must also include a record of any and all contact with GM to obtain the Dealership Agreement and GM's response.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE